FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ SEP 2 5 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

ANTHONY POLITO,

                Petitioner,

  - against -

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------X

06 CV 4782 (SJ)

**MEMORANDUM AND ORDER**

APPEARANCES:

ANTHONY POLITO
#69854-053
FPC Lewisburg, Unit Two
P.O. Box 2000
Lewisburg, PA 17837
Petitioner, *Pro Se*

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
One Pierreport Plaza
Brooklyn, NY 11201
By:    Joey Lipton, Esq.
Attorney for the Respondent

JOHNSON, Senior District Judge:

Anthony Polito ("Petitioner"), acting *pro se*[1], has petitioned this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255. Petitioner challenges the calculation and constitutionality of his sentence. Petitioner also argues that his attorney, Ellyn I. Bank, Esq., denied him effective assistance of counsel by failing (1) to file a notice of appeal after Petitioner instructed her to do so and (2) to properly advise Petitioner of the sentencing range applicable to his case before recommending a guilty plea. For the reasons stated below, Petitioner's petition is denied.

## BACKGROUND

On February 26, 2003, Petitioner was arrested on charges of racketeering and conspiracy to commit offenses against or to defraud the United States. (Petitioner's § 2255 Motion (hereinafter "Petr.'s Mot.") at 1; Petitioner's Traverse Brief (hereinafter "Traverse Br.") at 1.) Petitioner was involved in a scheme in which he and others were placed on the payroll of contractor Muss Development, Inc. and received wages and benefits despite not having worked the required hours. (Respondent's Brief (hereinafter "Respt.'s Br.") at 5.) On June 4, 2003, Petitioner was charged in a twenty defendant, 101 count superseding indictment with twenty-

---

[1] The standard for *pro se* petitions is liberally interpreted in favor of the petitioner. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

2

P-049

three counts of racketeering and racketeering conspiracy, with predicate acts of unlawful labor payments, mail fraud and extortion, extortion conspiracy, and tax fraud conspiracy. (Respt.'s Br. at 1.)

On October 1, 2003, pursuant to a plea agreement, Petitioner pled guilty to Count One of the Indictment (racketeering) in violation of 18 U.S.C. § 1962(c) and Count Ninety-Seven (tax fraud conspiracy) in violation of 18 U.S.C. § 371. After his plea, Petitioner faced a maximum term of imprisonment of fifty-seven months. (Plea Agreement at ¶¶ 1-2.) In addition, the plea agreement expressly stated that Petitioner could not appeal or otherwise challenge if he was sentenced in accordance with the terms set forth in the agreement. (Id. at ¶ 4.) On June 4, 2004, Petitioner was sentenced in the United States District Court, Eastern District of New York to forty-six months of imprisonment, a $200 special assessment, three years supervised release, and $386,173 of restitution. No direct appeal was filed by Counsel on Petitioner's behalf. (Respt.'s Br. at 1; Petr.'s Mot. at 1.)

On May 23, 2005, Petitioner filed the instant motion *pro se* to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. Petitioner alleges that the range of his sentence was improperly calculated under the Sentencing Guidelines. (Petr.'s Mot. at 6-7.) Further, Petitioner alleges that Respondent's incorrect calculation, along with Counsel's ineffectiveness, resulted in an unconstitutionally long imprisonment, in violation of the holding in Blakely v.

3

Washington, 542 U.S. 296 (2004) and United States v. Booker/Fanfan, 543 U.S. 220 (2005).[2] (Petr.'s Mot. at 2; Traverse Br. at 2-3.) Although the government argues that Petitioner waived his right to appeal pursuant to the plea agreement, (Respt.'s Br. at 6), Petitioner claims he was coerced into signing the plea agreement and, based on his lawyer's deficient legal advice, did not knowingly and voluntarily waive his right to appeal, (Traverse Br. at 4-5).

Additionally, Petitioner alleges that despite his requests to appeal the calculation of his sentence, Ms. Bank failed to file a direct appeal to the sentence, or alternatively an Anders brief, and told him that she "was never his lawyer" and that Petitioner "got what he deserved." (Petr.'s Mot. at 2.) Further, Petitioner alleges that his lawyer failed to properly inform him of the applicable range of imprisonment under the Sentencing Guidelines. (Id. at 6-7.) Petitioner alleges that these omissions, along with Counsel's inappropriate comments, denied him his Sixth Amendment right to effective counsel. (Id. at 7.)

## STANDARD OF REVIEW

Under § 2255, a sentencing court may "vacate, set aside or correct" a conviction or sentence "imposed in violation of the Constitution or laws of the United States." Relief is generally available only for a constitutional error, defect

---

[2] Petitioner, in both his original § 2255 Motion and his Traverse Brief, relies solely on Blakely and denies the applicability of Booker in the instant case.

4

P-049

of jurisdiction, or an error of law constituting "a fundamental defect which inherently results in a complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir.1996) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir.1995); see also Hardy v. United States, 878 F.2d 94, 97 (2d Cir.1989).

## DISCUSSION

### A. Petitioner's waiver of his right to appeal precludes his claims on collateral review

It is well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable. See United States v. Djelevic, 161 F.3d 104, 106 (2d Cir.1998) (citing United States v. Chen, 127 F.3d 286, 289-90 (2d Cir.1997)). Waivers of the right to appeal include, by implication, waivers of the right to collaterally attack one's sentence. See Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir.2001).

Petitioner entered into his plea agreement after the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), but before Blakely and Booker. Thus, it is fair to assume that he had knowledge of his Apprendi rights at the time he entered into the plea agreement. That Petitioner did not have knowledge of his rights under Blakely and Booker makes no material difference. See United States v. Morgan, 406 F.3d 135, 137 (2d Cir.2005) ("the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies

5

P-049

pleas and plea agreements"). The fact that subsequent Supreme Court case law established new appellate issues does not warrant failing to enforce an appeal waiver. Id.

Even if Petitioner's plea agreement did not specifically preclude collateral review of his claims, he would still be procedurally barred because he did not bring these claims on direct appeal. A petitioner will be barred from raising a claim in a 28 U.S.C. § 2255 habeas petition if that same claim was not previously raised on direct appeal. United States v. Munoz, 143 F.3d 632, 637 (2d Cir.1998) (citations omitted); see also Douglas v. United States, 13 F.3d 43, 46 (2d Cir.1993). However, "[w]here a [petitioner] has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the [petitioner] can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). "To satisfy the 'cause' requirement, the petitioner must show circumstances '*external* to the petitioner, something that cannot be fairly attributed to him.' " Rosario-Dominguez v. United States, 353 F.Supp.2d 500, 508 (S.D.N.Y.2005) (quoting Marone v. United States, 10 F.3d 65, 67 (2d Cir.1993) and Coleman v. Thompson, 501 U.S. 722, 753 (1991) (emphasis in original)).

Petitioner does not argue that he is "actually innocent," but instead seeks to demonstrate "cause" and "actual prejudice." To demonstrate "cause" and "actual

6

P-049

prejudice," Petitioner argues that the failure of his counsel to raise any issues regarding his sentence amounted to constitutionally ineffective assistance of counsel.[3] This argument is without merit.

Assuming *arguendo* that Petitioner's ineffective assistance of counsel defense was sufficient to satisfy the "cause" requirement, Petitioner's claim would fail because he has suffered no "prejudice" as a result. Had Petitioner filed a direct appeal before filing the instant § 2255 motion, his claims still would have because he waived his right to appeal pursuant to the plea agreement. See Garcia-Santos, 273 F.3d at 509.

Therefore, because Petitioner waived his right to appeal in the plea agreement, and thus cannot show that he was prejudiced by his lawyers's failure to file a direct appeal, Petitioner's attempts to challenge his sentence under Blakely and Booker are barred.

**B.     Ineffective assistance of counsel**

However, "a plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into

---

[3] Although the government, in its response, presumes that Petitioner claims that he satisfies the "cause" requirement because his claims would have been futile, Petitioner specifically eschews that argument in his Traverse Brief. (See Traverse Br. at 3.) Rather, Petitioner specifically rests his entire "cause" argument upon the conduct of his counsel. (Id.)

7

P-049

without effective assistance of counsel." United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir.2001) (citing Djelevic, 161 F.3d at 107). "The rationale is that 'the very product of the alleged ineffectiveness' cannot fairly be used to bar a claim of ineffective assistance of counsel." Hernandez, 242 F.3d at 114 (citing Jones v. United States, 167 F.3d 1142, 1145 (7th Cir.1999)). "Similarly, a petitioner may not be barred from asserting a claim under [S]ection 2255 when the asserted ground for challenging the sentence is ineffective assistance of counsel in connection with the plea negotiations or agreement itself." Rosa v. United States, 170 F.Supp.2d 388, 397 (S.D.N.Y.2001) (citing Jones, 167 F.3d at 1145; Balbuena v. United States, 104 F.Supp.2d 218, 220 (S.D.N.Y.2000)). Therefore, a waiver is not enforceable if a defendant can show that the ineffective assistance of his counsel in negotiating his plea agreement caused him to unknowingly or involuntarily agree to the plea. Hernandez, 242 F.3d at 113-14. Petitioner, however, has failed to prove that his plea was a direct result of ineffective assistance of counsel because the record demonstrates that Petitioner knowingly and voluntarily waived his right to appeal.

A petitioner bears the burden of showing that he "did not knowingly or voluntarily waive his right to appeal his sentence." Hargrove v. United States, No. 03 Civ. 6634T, 2004 WL 2123497, at *2 (W.D.N.Y. Aug. 10, 2004) (internal citations omitted). Petitioner alleges that (1) his lawyer failed to properly advise

8

P-049

him of the sentencing range applicable to his case before recommending that he enter a guilty plea and (2) his physical disabilities and "functional illiteracy" left him inadequately prepared to make an informed decision in accepting the terms of the plea agreement.

In response, Petitioner's lawyer, Ellyn Bank, asserts that she was aware of Petitioner's hearing and visual difficulties and accommodated these impairments by "speaking loudly with him," "asking him if he understood everything as [she] explained it to him," and "repeating and re-explaining anything that he did not completely understand." (Aff. of Ellyn I. Bank, Esq. at ¶ 3.) Further, Ms. Bank states that she explained to Petitioner the consequences of a plea agreement, including the waiver of his right to appeal. (Id. at ¶ 18.) She further asserts that Petitioner understood the terms of the plea agreement and willingly determined that he would accept the plea agreement. (Id. at ¶¶ 4, 8, 10, 13.)

The transcript of Petitioner's plea allocution corroborates Ms. Bank's account. At the time of his plea, the Court was aware of Petitioner's lack of education as well as his health issues. (Plea Tr. at 3-4.) Moreover, the Court made sure that Petitioner was satisfied with his lawyer:

> THE COURT: Have you discussed those charges with your lawyer?
>
> THE DEFENDANT: Yes, sir.

9

> THE COURT: Are you fully satisfied with the advice, representation, and counsel she has given you with respect to these charges?
>
> THE DEFENDANT: Yes, sir.

(Plea Tr. at 4-5.) Petitioner also demonstrated that he understood that he was waiving his right to appeal his sentence so long as his sentence did not exceed the terms delineated in his plea agreement:

> THE COURT: In paragraph four of Court's Exhibit Number 1, you agree not to file an appeal or otherwise challenge these convictions or sentence in the event that this [C]ourt imposes a sentence of imprisonment of 57 months or below. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

(Plea Tr. at 9.) Petitioner then recounted numerous facts which established his guilt. (Plea Tr. at 13-25.) Petitioner stated that he was pleading guilty knowingly and voluntarily to both counts:

> THE COURT: Mr. Polito, I ask you with respect to Count One of the Indictment 03-191 how do you plead, guilty or not guilty?
>
> THE DEFENDANT: Guilty, Your Honor.
>
> THE COURT: Are you pleading guilty voluntarily, of your own free will?
>
> THE DEFENDANT: Yes, sir.
>
> [...]

P-049

>           THE COURT: With respect to Count 97, how do you plead,
>           guilty or not guilty?
>
>           THE DEFENDANT: Guilty, Your Honor.
>
>           THE COURT: Are you pleading guilty voluntarily and of
>           your own free will?
>
>           THE DEFENDANT: Yes, sir.

(Plea Tr. at 26-7.)

Great weight must be given to the statements Petitioner made during his plea. See United States v. Monzon, 359 F.3d 110, 116 (2d Cir.2004). To find otherwise would "render the plea bargaining process and the resulting agreement meaningless." United States v. Yemitan, 70 F.3d 746, 747 (2d Cir.1995). Petitioner's own words contradict the position he has taken in the instant motion and he has therefore failed to establish that he did not plead guilty knowingly and voluntarily.

Further, Petitioner's sentence was consistent with the terms delineated in his plea agreement. Petitioner's plea agreement specifically stated that he was to be sentenced to a term of incarceration between 46 and 57 months. (Plea Agreement at ¶¶ 1-2.) Petitioner was sentenced to a term of incarceration of 46 months. Therefore, Petitioner received the benefit of his bargain with the government in that his sentence was entirely consistent with his plea agreement.

Because Petitioner did not meet his burden of presenting sufficient proof

11

P-049

that he did not knowingly and voluntarily waive his right to appeal, and because Petitioner's sentence of 46 months did not violate the terms of the plea agreement, the waiver contained in the plea agreement is valid and binding.

Moreover, Petitioner's claim that he suffered from ineffective assistance of counsel in that Ms. Bank did not file an appeal is without merit. A petitioner will have no claim for ineffective assistance of counsel based on a failure to file an appeal when the right to appeal has been waived pursuant to a plea agreement. Rosa, 170 F.Supp.2d at 408. In her affidavit, Ms. Bank states that she told Petitioner that because "his sentence was within the range specified in his plea agreement and because he was sentenced within the specified guideline range, he had waived his right to appeal." (Aff. of Ellyn I. Bank, Esq. at ¶ 18.) Counsel was, therefore, "reasonable" in declining to file a direct appeal on a claim that she knew would be futile because Petitioner had waived his right to appeal. See Rosa, 170 F.Supp.2d at 408 (finding "attorney was not ineffective in failing to file a notice of appeal because no appeal could be pursued under the Plea Agreement"); see also Lopez v. United States, No. 01 Civ. 7398, 2002 WL 1471540, at *3 (E.D.N.Y. May 15, 2002) (holding prisoner could not "show that counsel's failure to file a notice of appeal was objectively unreasonable" because "the plea agreement expressly waived his right to appeal the imposed sentence").

### C. Petitioner's request for an evidentiary hearing

P-049

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). It is within the Court's discretion to determine when an evidentiary hearing must be conducted. See Rule 6(a) of the Rules Governing Section 2255 Proceedings. As stated above, the transcript of Petitioner's plea allocution in conjunction with Ms. Bank's affidavit alleviates any need for an evidentiary hearing. Accordingly, Petitioner's request for a hearing is denied.

## CONCLUSION

Petitioner's claims of ineffective assistance of counsel are thus barred by the waiver of his right to appeal or collaterally attack as outlined in his plea agreement. The plea agreement and waiver are valid and enforceable because they were entered into knowingly and voluntarily, and the sentence imposed was within the sentence contemplated in the plea agreement. In addition, Petitioner's claims of ineffective assistance of counsel, based on his attorney's failure to appeal his sentence as requested, and failure to argue that the Court applied an erroneous sentence, are without merit. Accordingly, the Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.

For the reasons set forth above, a certificate of appealability is also denied. Petitioner has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. Also, for the reasons set forth above, the Court hereby

certifies that appeal of this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a), and leave to appeal to the Court of Appeals as a poor person is hereby denied. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

SO ORDERED.

Dated: September 17, 2007
      Brooklyn, New York

/s/(SJ)
_____
Sr. U.S.D.J.

P-049